UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN CHARLES ACKERMAN, JR.,

    **Petitioner,**

v.

                                          CASE NO. 8:14-cv-1407-T-27TGW
                                        CRIM. CASE NO. 8:05-cr-144-T-27TGW

UNITED STATES OF AMERICA,

    **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** is the Government's motion to dismiss (cv Dkt. 4) in which it argues that Petitioner's Section 2255 is time-barred, and Petitioner's opposition (cv Dkts. 4, 5). Upon consideration, the motion to dismiss is GRANTED.

## PROCEDURAL BACKGROUND

Petitioner pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), and conspiracy to manufacture, possess with intent to distribute, and distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(iii) (cr Dkts. 1, 90). On June 5, 2006, he was sentenced as a career offender to 120 months on the possession of a firearm conviction, and 216 months on the crack cocaine conviction (cr Dkts. 103, 105). He did not appeal. On June 12, 2014, nearly eight years after his conviction became final, he filed this Section 2255 motion. He contends that he should not have been sentenced as a career offender because his prior state drug convictions could not be used to enhance his sentence as a career offender, since they do not meet the definition of a controlled substance offense under § 4B1.1 of the Sentencing Guidelines.

## ANALYSIS

The AEDPA established a limitation period for Section 2255 motions: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because Petitioner's convictions were final in June 2006,[1] the limitation period expired in June 2007. His motion was filed in August 2014, more than seven years after the limitations period expired. Accordingly, his motion to vacate is untimely under Section 2255(f)(1).

Petitioner relies on *Descamps v. United States*, 133 S.Ct. 2276 (2013) for a delayed limitation period under Section § 2255(f)(3) (cv Dkt. 5, docket p. 12). That Section begins the limitation period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Petitioner filed his Section 2255 motion within one year of *Descamps*, *Descamps* did not announce a "new rule." *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("As the Supreme Court and other circuits have recognized, *Descamps* did not announce a new rule — its holding merely clarified existing precedent.") (citing *Descamps*, 133 S. Ct. at 2283, 2285, and *Ezell v. United States*, 778 F.3d 762, 763 (9th Cir. 2015)). Accordingly, Petitioner's reliance on *Descamps* is misplaced. *See King v. United States*, 610 F. App'x 825, 828-29 (11th Cir. 2015).[2]

Petitioner's motion to vacate under 28 U.S.C. § 2255 (cv Dkt. 1) is therefore **DISMISSED** as time-

---

[1] Petitioner did not file a direct appeal. Therefore, his conviction became final ten days after the Judgment was entered on June 5, 2006, when the time to appeal expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) (2006) (criminal defendant's notice of appeal must be filed within 10 days after the entry of the judgment).

[2] Petitioner relies exclusively on *Descamps*. A discussion of equitable tolling is therefore unnecessary.

barred.[3] The **Clerk** shall enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY ("COA")

Petitioner is not entitled to a COA. He has no absolute entitlement to appeal the denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a COA must first issue. Id. "A [COA] may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make that showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing. And because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** this 13th day of March, 2017.

*/s/ James D. Whittemore*
JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner *pro se*
Counsel of Record

---

[3] Even if Petitioner's Section 2255 motion was not time-barred, it would fail on the merits. His argument that his prior convictions under Section 893.13(1), Fla. Stat., for sale of cocaine and possession of cocaine with intent to sell (see PSR, p. 4, ¶ 35) are not "controlled substance offenses" under the Sentencing Guidelines is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264-68 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance. The district courts correctly sentenced Smith as an 'armed career criminal,' U.S.S.G. § 4B1.4(a), and Nunez as a 'career offender,' id. § 4B1.1(a).").